## JOAN ZANARD-KLOTH *v.* DEPARTMENT OF SOCIAL SERVICES*

Superior Court, Judicial District of New Britain
File No. CV-13-5015788

* Affirmed. *Kloth-Zanard* v. *Dept. of Social Services,* 157 Conn. App. 366, 115 A.3d 531 (2015).

Memorandum filed March 20, 2014

 

*Joan Kloth-Zanard*, self-represented, the plaintiff.

*Gary G. Williams*, assistant attorney general, for the defendant.

PRESCOTT, J. This is an administrative appeal brought by the plaintiff, Joan Kloth-Zanard,[1] challenging a decision by the Department of Social Services (DSS) to record a lien against real property owned by the plaintiff to secure repayment of government assistance paid by the State of Connecticut to the plaintiff. For the reasons set forth below, the decision of the agency is affirmed.

## FACTS AND PROCEDURAL HISTORY

The record reveals the following facts and procedural history. Between February, 1995, and October, 1998, the plaintiff received cash assistance for the benefit of herself and her minor child from the State of Connecticut pursuant to the Aid to Families with Dependent Children (AFDC) and Temporary Family Assistance (TANF) programs. The plaintiff has also received medical assistance from the State for substantial periods of time. Specifically, the plaintiff has received $24,528.20 in reimbursable cash assistance, and has failed to reimburse the State for $24,528.20 of that sum.[2] The plaintiff

---

[1] Although the caption of the case, as entered in the judicial branch computer system, states that the plaintiff's last name is "Zanard-Kloth," the plaintiff confirmed that her last name is "Kloth-Zanard."

[2] The State collected child support, on behalf of the plaintiff, from the father of the plaintiff's minor child. A portion of the child support was then retained by the State, thereby reducing the plaintiff's reimbursement obligation.

does not deny the fact that she has received this assistance, and certain of the exhibits submitted by her at the hearing below confirm that assistance was provided to her.

On March 13, 2012, DSS issued the plaintiff a notice indicating that the State has recorded a lien on her interest in real property located in Southbury, Connecticut. The plaintiff subsequently requested an administrative hearing to contest the filing of the lien. After multiple continuances were granted to the plaintiff, DSS held a hearing on November 29, 2012. The record remained open until January 2, 2013, in order to permit the plaintiff to submit additional evidence.

On January 14, 2013, a DSS hearing officer issued a written decision concluding that the agency had properly recorded the lien on the plaintiff's property. The plaintiff, who is aggrieved by the decision of DSS, filed this timely administrative appeal pursuant to General Statutes § 4-183. Further facts are set forth below as necessary.

## ANALYSIS

### A

### Standard of Review

The plaintiff brings this appeal pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. "It is well established that [j]udicial review of [an administrative agency's] action is governed by the [UAPA] . . . and the scope of that review is very restricted. . . . With regard to questions of fact, it is neither the function of the trial court nor of [an appellate court] to retry the case or to substitute its judgment for that of the administrative agency." (Internal quotation marks omitted.) *Dept. of Public Safety* v. *Freedom of Information Commission*, 298 Conn. 703, 716, 6 A.3d 763 (2010). "[This court's] review

of an agency's factual determination is constrained by General Statutes § 4-183 (j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . . This limited standard of review dictates that, [w]ith regard to questions of fact, it is neither the function of the trial court nor of [an appellate court] to retry the case or to substitute its judgment for that of the administrative agency. . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The burden is on the [plaintiff] to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record." (Internal quotation marks omitted.) *Board of Education* v. *Commission on Human Rights & Opportunities*, 266 Conn. 492, 503–504, 832 A.2d 660 (2003).

"It is well established that it is the exclusive province of the trier of fact to make determinations of credibility, crediting some, all, or none of a given witness' testimony. . . . Additionally, [a]n administrative agency is not required to believe any witness, even an expert. . . . Nor is an agency required to use in any particular fashion any of the materials presented to it as long as the conduct of the hearing is fundamentally fair. . . .

Questions of whether to believe or to disbelieve a competent witness are beyond [this court's] review. As a reviewing court, [this court] may not retry the case or pass on the credibility of witnesses. . . . We must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Citations omitted; internal quotation marks omitted.) *Goldstar Medical Services, Inc.* v. *Dept. of Social Services*, 288 Conn. 790, 830, 955 A.2d 15 (2008).

"Even for conclusions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . [Thus] [c]onclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is . . . involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [T]herefore . . . the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Chairperson, Connecticut Medical Examining Board* v. *Freedom of Information Commission*, 310 Conn. 276, 281–83, 77 A.3d 121 (2013).

B

Statutory Background

DSS administers the TANF and AFDC programs. See General Statutes § 17b-2. A recipient of cash or other assistance made pursuant to these programs is liable for repayment of the public assistance. General Statutes § 17b-77 (b). General Statutes § 17b-93 (a) provides in relevant part: "If a beneficiary of aid under the . . . medical assistance program, aid to families with dependent children program, [or] temporary family assistance program . . . has or acquires property of any kind or interest in any property, estate or claim of any kind . . . the state of Connecticut shall have a claim . . . for the full amount paid, subject to the provisions of section 17b-94, to the beneficiary or on the beneficiary's behalf under said programs . . . ."

The lien recorded by DSS in this case is specifically authorized by General Statutes § 17b-79, which provides in relevant part: "The commissioner may place a lien against any property to secure the claim of the state for all amounts which it has paid or may thereafter pay to such person or in such person's behalf under any such program . . . . The claim of the state shall be secured by filing a certificate in the land records of the town or towns in which any such real estate is situated, describing such real estate. . . ." As our Supreme Court stated in *State* v. *Marks*, 239 Conn. 471, 476, 686 A.2d 969 (1996), the statutes "set out a general statutory scheme for reimbursement to the state for public assistance payments that the state has made . . . ."

C

Plaintiff's Claims

The court now turns to the specific claims of the plaintiff, who is self-represented. First, the plaintiff contends that because the agency failed to produce at her

request, and introduce into evidence, a copy of her original application for public assistance, there was not substantial evidence in the record to establish her liability for reimbursement. The court disagrees.

It is true, as the plaintiff contends, that DSS was unable to locate the plaintiff's historical case record, including her eligibility related documents from 1995 through 2009. Nevertheless, other evidence admitted at the hearing established that the plaintiff had received and was liable for reimbursement of public assistance. For example, a representative of DSS testified at the hearing that, based upon his review of agency records, the plaintiff had received public assistance in the amount of $24,528.20. Additionally, the plaintiff did not deny receiving the public assistance, admitted that the state had recovered child support payments on her behalf (which it would do only if she was receiving state assistance) and herself submitted evidence in the form of various documents that tended to show that DSS had provided her public assistance.

Most importantly, the hearing officer admitted into evidence as a business record a copy of DSS's Statement of Financial Assistance, which is a computer printout of data maintained on the agency's eligibility management computer system. The statement identifies the plaintiff by her maiden name, a unique client identification number, the number of children in her household, and details each and every payment of public assistance payments made to the plaintiff from February, 1995, to October, 1998. The statement also sets forth the amount of child support recovered on her behalf. Thus, there was substantial evidence in the record to support DSS's conclusion that she was liable to the State for unreimbursed public assistance.

On appeal, the plaintiff appears to claim that the document is unreliable and should not have been admitted in light of the fact that the agency could not locate

her original eligibility documents. This claim is without merit for several reasons. First, the plaintiff did not object to the admission of this document at the hearing. In fact, she relied on the document herself to establish that child support had been collected on her behalf by the state, thereby reducing the amount of unreimbursed public assistance that she had received. By failing to object to the document's admission at the hearing, she has waived the claim on appeal.

Second, there is no evidence in this case that documents contained in her original case file would provide any evidence that would bear on the amount of public assistance that she has received or any amounts of reimbursement. Indeed, presumably such records would be related to her original eligibility for public assistance, a fact she does not seem to seriously contest.

Finally, even if she had properly preserved this issue, the court must still conclude that the statement of financial assistance was properly admitted. "[A]dministrative tribunals are not strictly bound by the rules of evidence and . . . they may consider exhibits [that] would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative." (Internal quotation marks omitted.) *O'Sullivan* v. *Del-Ponte*, 27 Conn. App. 377, 381–82, 606 A.2d 43 (1992). "In contested cases [before administrative agencies]: (1) [a]ny oral or documentary evidence may be received, but the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence . . . ." General Statutes § 4-178.

In this case, the Statement of Financial Assistance bears sufficient indicia of reliability that its admission in this case was not improper. Under the relaxed evidentiary rules that are applicable to administrative hearings, the Statement of Financial Assistance contains

enough specific information about the plaintiff to meet the minimal requirement of establishing that it is probative and reliable. The inability of DSS to locate the plaintiff's original case file at most bears upon the weight to be accorded the Statement of Financial Assistance, but does not affect its admissibility.

The plaintiff also appears to claim that her status as a victim of domestic violence relieves her of the responsibility to reimburse the state for the public assistance she received. The plaintiff has not cited to any statute, regulation or legal precedent that would support this claim. In the absence of such authority, this court cannot read into statutes an exemption that does not exist.

Finally, the plaintiff appears to assert that the State's ability to recover the assistance is barred by a statute of limitation. The plaintiff does not identify any applicable statute. Our Connecticut Supreme Court recently held in *State* v. *Lombardo Bros. Mason Contractors, Inc.*, 307 Conn. 412, 437–38, 54 A.3d 1005 (2012), that statutes of limitation do not apply to the sovereign unless there is a specific and clear direction otherwise by the legislature. Because the court is unaware of any such statute of limitation applicable against the state with respect to claims for reimbursement for public assistance, the plaintiff's claim fails.

## CONCLUSION

For the reasons set forth above, the court concludes that the decision of the agency must be affirmed. Judgment shall enter accordingly.