******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOAN T. KLOTH-ZANARD *v.* DEPARTMENT
OF SOCIAL SERVICES
(AC 36729)

Gruendel, Alvord and Mullins, Js.

*Argued April 6—officially released May 19, 2015*

(Appeal from Superior Court, judicial district of New
Britain, Prescott, J.)

*Joan T. Kloth-Zanard*, self-represented, the appel-
lant (plaintiff).

*Gary G. Williams*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney gen-
eral, for the appellee (defendant).

*Opinion*

PER CURIAM. In 2012, the defendant, the Department of Social Services, notified the plaintiff, Joan T. Kloth-Zanard, that it recorded a lien on her real property in Southbury to secure the repayment of reimbursable public assistance. The plaintiff thereafter contested that action, and an administrative hearing followed. In its notice of decision, the defendant's hearing officer denied the appeal, concluding in relevant part that the plaintiff was "liable to repay the State of Connecticut for public assistance issued to her" and that the state "may hold a lien on [the plaintiff's] real property to secure [its] claim for all amounts previously paid . . . ." From that decision, the plaintiff then appealed to the Superior Court pursuant to General Statutes § 4-183, which affirmed that decision. The plaintiff now challenges the propriety of that determination.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment should be affirmed. On the facts of this case, the issues properly were resolved in the court's well reasoned memorandum of decision. See *Zanard-Kloth* v. *Dept. of Social Services*, 53 Conn. Supp. 363,      A.3d      (2014). We therefore adopt it as the proper statement of the relevant facts, issues and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Green* v. *DeFrank*, 132 Conn. App. 331, 332, 33 A.3d 754 (2011).

The judgment is affirmed.